Nash, C. J.
 

 — The case comes up on an exception to the report of the referrees.
 

 The referrees find that upon adjusting the account of the defendant, Downs, as guardian of the plaintiffs, he is indebted to them in the sum of $335 38. That in settling with A. M. Kea, the executor of Eeuben Bozzle, the defendant, Downs, left in his hands, a sum, whicli with interest to 5th of January, 1852, amounted to $335 38, which was lost to the plaintiff, .through the insolvency of the said Eea. The defendants except, because there’ is no sufficient evidence that the defendant, Downs, knew that there were any funds in the hands of the executor after the payment of the debts oí said Bozzle. We must take the exception as it is intended, .and with reference to the facts disclosed in the report, and in
 
 *333
 
 tbe case. Rea, as tbe executor of Bozzle, had, under tbe will of the latter, sold all tbe property contained in the residuary clause, except tbe land and negroes which were delivered to the defendant, the guardian. At the time he delivered over the. land and negroes, a suit was pending against the executor, to recover a negro woman named Rose, and her issue, consisting of about thirteen in number, in six of whom the wards of Downs were concerned, and to meet the expenses of that suit, the executor retained in his hands, the sum mentioned. Was the defendant, Downs guilty of any negligence in leaving in his hands funds to the amount he did, to meet the expenses of that suit? We think he was not. If a bill had been filed by the guardian, to draw out of the hands of the executor, the funds of Ms wards, upon its appearing that such a suit existed against the executor, the latter would be entitled to retain in his hands, a sum sufficient to meet the probable expense of defending it; and if it had been a money demand, to pay such judgment as might be rendered against him. Considering the nature of the suit and its importance, both to the estate and to the children, a Court of equity would have allowed the executor to retain in his hands, a sum at least equal to that left with him by the guardian. Nor is the question altered by the fact, that at that time the executor was insolvent, or in failing circumstances ; his right to retain was the same. Nor does it alter the question, that ho never paid the cost: that is a matter between the plaintiff in that suit and the executor. The question before us is, was the defendant Downs, the guardian, guilty of negligence in doing that which a Court of Equity would have allowed him to do. We cannot say he was guilty of any negligence in the matter.
 

 The exception is sustained, and the report to bo reformed accordingly.